```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

TRUSTEES OF THE NATIONAL       :
AUTOMATIC SPRINKLER INDUSTRY
WELFARE FUND, et al.           :

     v.                        :   Civil Action No. DKC 24-1827

                               :
PABLO ROMERO d/b/a H&M
MECHANICAL, et al.             :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), is a motion for default judgment filed by Plaintiffs Trustees of the National Automatic Sprinkler Industry Welfare Fund, Trustees of the National Automatic Sprinkler Local 669 UA Education Fund, Trustees of the National Automatic Sprinkler Industry Pension Fund, Trustees of the Sprinkler Industry Supplemental Pension Fund, Trustees of the International Training Fund, and Road Sprinkler Fitters Local Union 669 Work Assessments, Extended Benefit Fund and Industry Advancement Fund (together, the "Trustees" of the "NASI Funds"). (ECF No. 15). For the following reasons, the motion will be granted.

I.   **Background**

The Trustees are fiduciaries of the NASI funds. The NASI funds are employee benefit plans as defined in Section 3(3) of ERISA, 29 U.S.C. § 1002(3). They are established and maintained

according to the provisions of the Restated Agreements and Declarations of Trust. NASI funds are offered to employers through collective bargaining agreements.

H&M Mechanical LLC ("H&M") entered into a Collective Bargaining Agreement with Road Sprinkler Fitters Local Union No. 669. The Collective Bargaining Agreement required contributions to the NASI funds for each hour of work by covered employees. On an unknown date, H&M forfeited its corporate status. Defendant Pablo Romero continues to conduct business as a contractor or subcontractor in the sprinkler industry both individually and doing business as H&M Mechanical. Plaintiffs assert an ERISA claim against H&M, Pablo Romero d/b/a H&M Mechanical, and Pablo Romero individually, (collectively "Defendants") for unpaid contributions for covered employees between July 2023 through October 2024. According to the Complaint, Defendants were required to make contributions to the Funds for each hour worked by their employees performing work covered by the Collective Bargaining Agreement and to submit forms every month reporting the amount of contributions due. The Trust Agreements provide that if an employer fails to make timely contributions, it must pay liquidated damages and interest.

Defendants failed to submit reports from July 2023 through October 2024. Pursuant to the Restated Trust Agreements, the Trustees projected the delinquency for each month that reports

2

were not submitted based on the average of the monthly reports submitted for the prior three months. Plaintiffs concluded that the average monthly wages were $15,216 in 2023 and $15,993.60 in 2024.[1] Based on the average monthly wages, monthly contributions of $11,487.20 were calculated constituting of $3,664 for the Welfare Fund (which was changed to $3,811.20 in the year 2024), $134.40 for the Education Fund, $2,304 for the Pension Fund (which changed to $2,336 in 2024), $4,192 for the Supplemental Pension Fund, $32 for the International Training Fund, $760.80 for the Work Assessments (which changed to $799.68 in 2024), $80 for the Extended Benefit Fund, and $320 for the Industry Advancement Fund. Plaintiffs assert that Defendants owe $186,040 in contributions plus $32,364.48 in liquidated damages, $14,986.48 in interest through October 31, 2024, costs of $755 and attorneys' fees of $1,611.50.

The Trustees served Pablo Romero on October 3, 2024, individually and d/b/a H&M Mechanical, and in his former capacity as member of the now forfeit limited liability company, H&M Mechanical LLC. When Defendants failed to respond timely, the Trustees moved for the entry of default (ECF No. 9), which was granted January 7, 2025. (ECF No. 18). The Trustees moved for default judgment on November 25, 2024, seeking a judgment for the

---

[1] The hourly wage rate changed from $47.55 per hour in 2023 to $49.98 per hour in 2024.

3

contributions owed for July 2023 through October 2024 plus liquidated damages, interest, attorneys' fees, and costs. (ECF No. 15).

## II. Standard of Review

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Rule 55(b)(2). A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court. *See Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002). The United States Court of Appeals for the Fourth Circuit has a "strong policy" that "cases be decided on their merits," *id.* (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party, *see SEC v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). Upon entry of default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations

4

as to damages are not. *Lawbaugh*, 359 F.Supp.2d at 422. While the court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the court may only award damages without a hearing if the record supports the damages requested.").

## III. Analysis

Assuming the truth of the well-pleaded allegations of the complaint, as the court must upon entry of default, Plaintiffs have established a violation under ERISA. Section 502(a)(3) authorizes parties to enforce the provisions of trust agreements. *See* 29 U.S.C. § 1132(a)(3) (providing that a civil action may be brought: "(A) to enjoin any act or practice which violates . . . the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any . . . terms of the plan"). According to the Complaint, H&M is a signatory to the collective bargaining agreements with the Road Sprinkler Fitters Local Union No. 669 and is, therefore, obligated to comply with the terms of the Trust Agreements. Based on these undisputed allegations, Plaintiffs have stated a sufficient claim for relief under ERISA.

### A. Unpaid Contributions

Plaintiffs' motion for the entry of judgment by default seeks contributions for July 2023 through October 2024. The Restated Agreements and Declarations of Trust establishing the NASI Funds authorize the NASI Funds to project the contributions owed for months that Defendants failed to submit reports by averaging the last three months for which reports were submitted and to assess interest on delinquencies at the rate of twelve percent (12%). The record supports $186,040 in unpaid contributions.

### B. Liquidated Damages and Interest

Plaintiffs seek $14,986.48 in interest through October 2024, and $32,364.48 in liquidated damages assessed on the estimated/averaged contributions owed from July 2023 through October 2024. The Restated Trust Agreements and Declarations of Trust establishing the NASI Funds and the Guidelines for Participation in the NASI Funds provide that contributions and the required reporting forms are due on or before the 15th day of each month following the month in which the work was performed. If an Employer does not pay the amounts due to the Fund by the due date, that Employer is delinquent and, in the discretion of the Trustees, the following will be added to and become part of the amount due from the Employer: (1) liquidated damages in the amount of five percent (5%) if contributions are more than 60 days late, an additional five percent (5%) if contributions are 90 days late, an

additional five percent (5%) if contributions are 120 days late, and an additional five percent (5%) if owed contributions are 150 days late, for a total of twenty percent (20%) liquidated damages.

The Trustees' motion for default judgment and Declaration of Anna E. Bosmans request $32,364.48[2] as liquidated damages. This amount will be awarded.

The Trustees' motion for default judgment indicates that $14,986.48 is owed in interest through October 2024. The agreement between the Trustees and H&M obligates Defendants to pay twelve percent (12%) interest from the date of delinquency. Thus, the interest Plaintiffs request of $14,986.48 through October 31, 2024, will be awarded.

### C. Attorneys' Fees

Plaintiffs seek $1,611.50 in attorneys' fees. In support of this request, Plaintiffs submit the Declaration of Charles W. Gilligan regarding attorneys' fees and costs (ECF No. 15-15). Exhibit L shows the hours billed by Plaintiffs' counsel and a paralegal. (ECF No. 15-16). It indicates that the firm spent 9.25 hours on this case on behalf of the Plaintiffs at a rate of $374 per hour for attorney time and $150 per hour for paralegal time.

The attorneys' fees as summarized by Plaintiffs' attorney were calculated at the rate of $374/hour for Charles W. Gilligan

---

[2] Twenty percent (20%) of the contributions owed of $186,040 is $37,208.

7

and at $150/hour for paralegal Teresa Butler. The sum requested is consistent with the rates suggested in the court's Local Rules and Plaintiffs will be awarded $1,611.50 for attorneys' fees.

### D. Costs

Plaintiffs seek $755 in costs. In support of this request, Plaintiffs state that in addition to the $405 filing fee to commence this action, $350 was expended for service of process on Defendants (ECF No. 15-18). The record supports the requested amount, and $755 in costs will be awarded to Plaintiffs.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for the entry of default judgment will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge